*533 OPINION.
Sieekin:
In his deficiency notice for the year 1919, respondent allowed $5,000 salary to each O. F. Perkins and G. W. Perkins. Jr., although $1,500 was duly authorized and paid to each. By amendment of his answer at the hearing, respondent alleged no amount should be allowed as salary to either. In his deficiency letter for the years 1920 and 1921, respondent allowed only $1,000 of a $10,000 salary authorized and paid G. W. Perkins, Sr., but allowed $1,500 each authorized and paid to C. F. Perkins and G. W. Perkins, Jr. By amendment of his answer at the hearing, respondent alleged that the allowance of $1,500 each to C. F. Perkins and G. W. Perkins, Jr., was erroneous.
As to the salaries of C. F. Perkins and G. W. Perkins, Jr., it is the contention of the respondent that, under the above resolution, notwithstanding the action authorizing the salaries and the resulting credits on the books of petitioner, a liability for salary did not exist and that any such liability was contingent upon future events, since the resolution stated that—
said salaries to be payable only at sucb time as the company shall have on hand cash sufficient to retire all its current liabilities.
As to the salary of G. W. Perkins, Sr., respondent contends that $1,000 a year is a reasonable allowance for the years 1920 and 1921, basing such contention upon his age, his failure to spend more than a part of his time at petitioner’s place of business and the competence of his two sons to properly handle the business. No such issue is raised by the respondent for the year 1919.
It is in evidence and uncontroverted that the three officers were men of long experience and of demonstrated abilities. The services were actually rendered, the salaries were duly authorized by appropriate action of the board of directors, and the salaries incurred were accrued upon the books of account of petitioner. After a careful consideration of all the evidence we are of opinion that the salaries were reasonable and they were ordinary and necessary expenses of the business. We are unable to agree with the contention of respondent that the provision for deferment of the payment in cash of the liabilities of petitioner for these salaries until such time as the petitioner was possessed of sufficient cash to retire all its current liabilities operated to relieve petitioner of the liabilities. Petitioner was on the accrual basis and in our opinion, whether it quickly discharged in cash its liabilities for salaries is immaterial. We therefore conclude that the salaries of the three officers accrued upon the books and claimed as deductions from income should be allowed.
*534 On the question of the statute of limitations petitioner makes two contentions. So far as the year 1919 is concerned petitioner abandons the issue of the statute of limitations, except so far as the deficiency asserted by the respondent may be increased because of the amendment of respondent’s answer. In view of our decision above, therefore, we need not pass upon 1919. As to the years 1920 and 1921, the petitioner contends that the “ income and profits tax waivers ” set out in our findings of fact, not being signed personally by the Commissioner and it not appearing by whom and when they were signed on behalf of the Commissioner, were inadmissible in evidence and ineffective to extend the statutory period of limitations. A witness on behalf of respondent, however, identified the instruments as part of the official files in the Bureau of Internal Revenue. Both contain a signature purporting to be that of “D. H. Blair, Commissioner,” and the witness testified to a practice in the Bureau to sign such “ waivers ” as soon as received. In view of all the facts, and also taking into consideration our belief that it is not necessary that the Commissioner personally sign all “ waivers ” in order to have a valid consent in writing, it is our opinion that the time was extended and that assessment and collection are not barred. See Joy Floral Co. v. Commissioner, 7 B. T. A. 800.
Reviewed by the Board.

Judgment will be entered on 15 days' notice, under Rule 50.